IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACACEDRIC RASHOD WARE, <br> ID # 49548-177, <br><br> Movant, <br><br> VS. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:21-CV-1366-D <br> (Criminal No. 3:15-CR-226-D(1)) <br><br> *This memorandum opinion and order was filed initially under seal and unsealed in part on May 2, 2024. <br> The correct file date for citation purposes is April 18, 2024. |

MEMORANDUM OPINION
AND ORDER

Movant Acacedric Rashod Ware ("Ware"), a federal prisoner, moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in Criminal No. 3:15-CR-226-D(1) and for discovery. For the reasons that follow, the court denies the § 2255 motion, denies the motion for discovery, and dismisses this action with prejudice. The court also denies a certificate of appealability.

I

Ware was arrested on an indictment charging him and 19 others with two counts of conspiracy to distribute a controlled substance. He retained counsel ("pretrial counsel") and was released subject to conditions following his initial appearance. On motion of the United States of America (the "government"), ████████████████████████████████ ████████████████████████████████████████████████. He subsequently pleaded guilty to both counts of the indictment under a plea agreement, ████████████████ ████████████████████████████████████.

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") for purposes of sentencing. Ware's base offense level was calculated as 34 based on the quantity of drugs for which he was held accountable. Four levels were added for his role in the offense and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35. His total offense level of 35 and criminal history category of I combined to produce a guideline imprisonment range of 168 to 210 months.

Over two years after he pleaded guilty, Ware was arrested for violating his conditions of release, and his pretrial release was revoked. The day of Ware's arrest, pretrial counsel moved to withdraw from the case, citing a conflict of interest. New counsel ("sentencing counsel") was retained and represented Ware through sentencing. An addendum to the PSR withdrew Ware's three-level reduction for acceptance of responsibility based on his engagement in criminal conduct while on pretrial release and violation of his conditions of release, resulting in a new total offense level of 38. His total offense level of 38 and criminal history of I resulted in a new guideline imprisonment range of 235 to 293 months. Ware objected to the addendum's underlying bases for the withdrawal of the three-level reduction. A second addendum to the PSR addressed Ware's objections and supported the first PSR addendum as written. After hearing testimony and arguments at the sentencing hearing on Ware's objection to the withdrawal of the 3-level reduction for acceptance of responsibility, the court overruled the objection. On June 7, 2019 the court sentenced Ware at the bottom of the guidelines range to 235 months' imprisonment on each count, to run concurrently and to be followed by three years of supervised release. Appellate counsel filed a brief under *Anders*

*v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as frivolous on June 11, 2020.

Ware timely filed the instant § 2255 motion on June 10, 2021, contending that his constitutional rights were violated due to: (1) pretrial counsel's "actual conflict of interest that adversely impacted his case"; (2) sentencing counsel's ineffectiveness "at sentencing for failing to object to Mr. Ware's custodial statement introduced against him at sentencing"; and (3) a sentencing witness' "testimony that he was not aware [] whether he was rec[ei]ving time off his own sentence for assisting authorities in Mr. Ware's case." D. Mot. (ECF No. 1) at 7.[1]  The government filed a response on December 3, 2021. Ware filed a reply on February 3, 2022 and supplements on March 29, 2022 and November 2, 2022.

II

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or

---

[1]Unless otherwise indicated, citations to ECF documents are to filings made in Civil Action No. 3:21-CV-1366-D.

jurisdictional magnitude.").

### III

Ware contends that his pretrial counsel violated his rights to due process and effective assistance of counsel, and that his sentencing counsel rendered ineffective assistance of counsel.

### A

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The right to effective assistance of counsel guaranteed by the Sixth Amendment also "'includes the right to representation that is free from any conflict of interest.'" *United States v. Preston*, 659 Fed. Appx. 169, 179 (5th Cir. 2016) (quoting *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007)); *see also United States v. Sheperd*, 27 F.4th 1075, 1082 (5th Cir. 2022) ("The Counsel Clause . . . requires . . .the presence of competence and absence of conflicts."). "[I]n the narrow class of cases where a 'defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance[,]'" prejudice is presumed. *Bostick v. Quarterman*, 580 F.3d 303, 306 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 692) (internal quotation marks omitted); *see also Morin v. Thaler*, 374 Fed. Appx. 545, 551-52 (5th Cir. 2010) (per curiam).

B

Ware contends that his due process and Sixth Amendment rights were violated based on pretrial counsel's actual conflict of interest.

The filings in this case appear to confirm the following chronology of events relating

to pretrial counsel's alleged actual conflict of interest: After the PSR had been prepared and while Ware was on pretrial release pending sentencing, pretrial counsel was retained to represent Charles Van Zandt ("Van Zandt") in a drug conspiracy case in the Eastern District of Texas.[2] When pretrial counsel was retained to represent Van Zandt, he was still Ware's attorney in the underlying criminal proceeding. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ One week later, on April 17, 2018, pretrial counsel moved to withdraw from Ware's case, citing the development of a conflict of interest. He continued to represent Van Zandt in the Eastern District of Texas case.

To prevail on a claim of ineffective assistance of counsel based on a conflict of interest, Ware "must demonstrate that his counsel labored under 'an actual conflict of interest that adversely affected his performance[.]'" *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) (quoting *United States v. Infante*, 404 F.3d 376, 391 (5th Cir. 2005)). "An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Id.* (citation and internal quotation marks omitted). "An 'adverse effect' requires proof that '"some plausible alternative defense strategy or tactic" could have been pursued but was not because of the actual conflict

---

[2] The record indicates that Ware told Van Zandt to retain pretrial counsel—i.e., Ware's current counsel—to represent him in the Eastern District of Texas case.

impairing counsel's performance.'" *Barbee v. Davis*, 660 Fed. Appx. 293, 313 (5th Cir. 2016) (per curiam).

Assuming, without deciding, that an actual conflict existed when pretrial counsel represented Van Zandt ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, Ware has not shown that there was any "plausible alternative defense strategy or tactic" that could have been, but was not, pursued because of pretrial counsel's alleged conflict of interest. Pretrial counsel promptly withdrew from Ware's case once he learned of the conflict, and sentencing counsel was retained. Although information ▆▆▆▆▆▆▆▆ provided ▆▆▆▆▆▆▆▆▆▆ contributed to the grounds underlying the revocation of Ware's pretrial release and withdrawal of the 3-level reduction for acceptance of responsibility, Ware has not shown that these results occurred because of pretrial counsel's representation of Van Zandt. He has therefore failed to show a violation of his constitutional rights based on an actual conflict of interest of pretrial counsel.

To the extent that Ware asserts that pretrial counsel violated Ware's constitutional rights based on a conflict of interest by virtue of his presence as Van Zandt's counsel at the sentencing hearing, the court is not persuaded. At the time of the sentencing hearing, pretrial counsel was not operating under an actual conflict: he had withdrawn from the case and was no longer Ware's attorney. *See Guidry v. Lumpkin*, 2 F.4th 472, 491 (5th Cir. 2021) (noting that the petitioner did not identify "clearly established law that the conflict of interest of counsel who withdraws can form the basis of an ineffectiveness claim that justifies habeas

relief."). Further, Ware has failed to identify a plausible, alternative defense strategy or tactic that could have been, but was not, pursued because of the alleged conflict for the same reasons explained.

Ware has not satisfied his burden, and his claim is therefore denied.

C

Ware contends that his sentencing counsel was ineffective for failing to object to testimony about his admissions to law enforcement about his involvement in unsanctioned criminal conduct while on pretrial release. He alleges that his admissions "were made without the benefit of *Miranda* warnings and therefore [were] not admissible into evidence against Mr. Ware." D. Mot. (ECF No. 1) at 8. Ware maintains that, "[h]ad the confession been objected to, then the statement would not have been admissible." *Id.* He posits that the "admission of the confession prejudiced [him] because it contributed to his loss of the downward adjustment for acceptance of responsibility." *Id.* at 8-9.

The court will assume *arguendo* that Ware's admissions to federal agents were subject to suppression at trial as unconstitutionally obtained.[3] Even so, Ware's claim fails because

---

[3] "[I]t is settled in this circuit that suppressed evidence may be considered generally when sentencing." *United States v. Youngblood*, 576 Fed. Appx. 403, 409 (5th Cir. 2014) (per curiam) (citing *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181 (5th Cir. 1993)); *see also United States v. West*, 58 F.3d 133, 138 (5th Cir. 1998) ("At sentencing, the district court 'may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'"). Without expressly endorsing or adopting it, the Fifth Circuit has recognized a possible exception to this rule when the suppressed evidence at issue is unconstitutionally obtained "for the sole purpose of enhancing [the defendant's] sentence." *Montoya-Ortiz*, 7 F.3d at n.10; *see also Youngblood*, 576 Fed. Appx. at 409.

the record indicates that Ware's admissions were obtained as part of the FBI's investigation to determine the reliability of information ▮▮▮▮▮ provided concerning a drug-trafficking conspiracy in the Eastern District of Texas and to assess whether Ware was in violation of the terms of his pretrial release. Ware has not demonstrated that agents obtained his alleged inadmissible statement for the *sole* purpose of enhancing his sentence. He has therefore failed to identify a meritorious basis on which sentencing counsel could or should have objected to the federal agent's testimony. Because sentencing counsel was not deficient for failing to raise a meritless argument, Ware has failed to satisfy the deficient performance prong of *Strickland*. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

And even if sentencing counsel had been deficient for failing to challenge the admissibility of Ware's admissions at sentencing, Ware has not shown a reasonable probability that this court would have sustained the objection and that the result of the sentencing proceeding would have been different. He has therefore failed to satisfy the prejudice prong of *Strickland*.

Because Ware has failed to carry his burden under *Strickland*, the court denies this basis for relief under § 2255.

IV

A

Ware also contends that his due process rights were violated at sentencing ▮▮▮

███████████████████████████████ D. Mot. (ECF No. 1) at 9. In support, he relies on *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. People of Illinois*, 360 U.S. 264 (1959), and he seeks discovery and a hearing "to fully develop the facts of this claim." D. Mem. (ECF No. 7) at 38-39. The government maintains that this claim is procedurally defaulted because Ware did not raise it on direct appeal, and because he has not shown cause and actual prejudice for the default.

B

*Brady* requires the prosecution to disclose favorable evidence to a defendant "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. To establish a violation of his due process rights under *Brady*, Ware "must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *United States v. Valas*, 40 F.4th 253, 258 (5th Cir. 2022) (quoting *Reeder v. Vannoy*, 978 F.3d 272, 277 (5th Cir. 2020)); *see also Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (applying *Brady* to impeachment evidence affecting the credibility of a key government witness). Evidence is "material" for purposes of *Brady* only when there is a reasonable probability of a different result at the proceeding had the evidence been disclosed to the defense. *See Valas*, 40 F.4th at 258.

In *Napue* the Supreme Court held that false evidence presented at trial, as well as the admission into evidence at trial of unsolicited false evidence that is not corrected, violates a defendant's due process rights if the reliability of a given witness may be determinative of

guilt or innocence. *See Napue*, 360 U.S. at 269. To show a due process violation under *Napue*, Ware must establish that: (1) the testimony at issue was actually false; (2) the prosecution knew it was false; and (3) the testimony was material. *See United States v. Brumfield*, 89 F.4th 506, 519 (5th Cir. 2023).

C

Ware posits that, during the sentencing hearing, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ D. Mem. (ECF No. 7) at 38. He quotes the following exchange:



Tr. (ECF No. 836) at 125-26; D. Reply (ECF No. 27) at 7. Ware contends that Van Zandt's sentence almost one year later to 60 months' imprisonment on an offense carrying a statutory sentencing range of 10 years to life imprisonment ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ D. Mem. (ECF No. 7) at 35. Ware maintains that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, and that expectation came either from federal agents, his own prosecutor, or Mr. Ware's prosecutor,

then the government failed to disclose favorable evidence during Mr. Ware's sentencing proceeding." *Id.* at 37.

Assuming *arguendo* that ███████ challenged testimony was false—as opposed to incomplete or evasive concerning the question posed—and that the standards set forth in *Brady* and *Napue* apply in the guilty plea context, the claim fails. As the court has explained, to prevail on a claim alleging a *Brady* or *Napue* violation, the suppressed or perjurious evidence must be material. *See Valas*, 40 F.4th at 258; *Brumfield*, 89 F.4th at 519. Even if there were evidence to confirm Ware's suspicions and deductions that the government suppressed evidence showing an actual or potential understanding, agreement, or promise of a benefit ███████████████████████████████, Ware has failed to show that the evidence is material under *Brady*. This is so because ████████████████████ ████████████████████████████████████████████████.[4] The undersigned as sentencing judge would have considered ██████████████████ other possible motivations for testifying when weighing his testimony, overruling Ware's objections to the PSR, and assessing the reliability of the PSR and other evidence bearing on Ware's sentence. Under these circumstances, Ware fails to satisfy his burden to show a *Brady* violation.

For purposes of *Napue*, when, as here, "'the defense elicits the alleged perjury on cross-examination, no material falsehood has occurred because the government has not itself

---

[4]The court stated at sentencing that it did not have to rely on ██████████████████.
D. Mot. (ECF No. 28) at 4.

knowingly presented false testimony.'" *Brumfield*, 89 F.4th at 520 (quoting *United States v. O'Keefe*, 128 F.3d 885, 894 (5th Cir. 1997)).  He therefore has also failed to establish a *Napue* violation.  The claim is denied.[5]

V

Also pending before the court is Ware's motion for discovery.  He seeks: (1) the sealed PSR, sentencing recommendation, and statement of reasons from Van Zandt's criminal case in the Eastern District of Texas, in which Van Zandt was one of 44 defendants;(2) "all writings, including, but not limited to, memorand[a], emails (sent or received), letters, or filings, discussing leniency, plea deals, plea offers, ███████████, or sentencing, for [Van Zandt]" from the United States Attorney's Office in the Northern and Eastern Districts of Texas; (3) "[a]ll agreements between the government and [Van Zandt]" from the United States Attorney's Office in the Northern and Eastern Districts of Texas and from the DEA; and (4) "[a]ll writings, including, but not limited to, forms FD-1023 and 302's discussing Mr. Ware for the dates from September and October of 2017."  D. Mot. (ECF No. 28) at 3-6 (bold font omitted).  The government opposes the requested discovery.

The requests appear to be overbroad in relation to the grounds for relief that Ware raises in this habeas proceeding, particularly requests (2) and (3), which are not limited in time, case, or recipient.  But even assuming that the requested discovery would result in the production of evidence that supports Ware's claims, he has failed to show that the requested

---

[5]Because the court denies the claim on the merits, it need not decide the parties' arguments concerning procedural default.

- 13 -

discovery would favorably resolve a factual dispute and show that he is entitled to relief under § 2255. The court therefore finds that Ware has not shown good cause under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts for the requested discovery, and it denies the motion.

VI

An evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Further, a movant cannot use "an evidentiary hearing [as] a 'fishing expedition' for him to find support to validate his allegations." *United States v. Franks*, 397 Fed. Appx. 95, 101 (5th Cir. 2010) (per curiam) (citing *United States v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006)). Ware has failed to present independent indicia in support of the likely merit of his claims, and the court is left to conclude that he is seeking to use an evidentiary hearing as a fishing expedition to validate his allegations. He has therefore failed to demonstrate that he is entitled to an evidentiary hearing.

VII

For the reasons explained, the court denies Ware's motion under 28 U.S.C. § 2255 and dismisses this action with prejudice.

VIII

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Ware has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If Ware files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

April 18, 2024.

                                                               SIDNEY A. FITZWATER
                                                               SENIOR JUDGE